UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN NESTEL, JR.,

       Plaintiff,                          Civil Action No.
                                              12-CV-12511

vs.

                                              HON. MARK A. GOLDSMITH

DANIEL MENAKE, et al.,

       Defendants.

_____/

**ORDER DENYING WITHOUT PREJUDICE**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

      This matter is presently before the Court on Plaintiff's motion for summary judgment (Dkt. 37).[1] Plaintiff has successfully sought a clerk's entry of default as to each of the five named Defendants in this case pursuant to Federal Rule of Civil Procedure 55(a) (Dkts. 15, 20, 22, 24, 26). However, the clerk has twice denied Plaintiff's request for entry of default judgment (Dkts. 33, 35), prompting Plaintiff to file the present motion.

      This case involves a purported scam in which Defendants Daniel Menake and S.I Housing Development, LLC (SI) induced Plaintiff to invest approximately $100,000 in certain commercial property in Detroit, Michigan, promising an unencumbered interest in the property and favorable investment returns, among other things.[2] Plaintiff alleges that he did not get what

---

[1] The motion itself seeks summary judgment. However, the Court's docket reflects that the motion is one for default judgment.

[2] Three additional Defendants are involved – Defendant Universal Title Clearing, LLC (Universal), a title clearing company, and two of its employees/agents, Defendants Gregory Moore and Denita Donahoo. Plaintiff alleges that he was instructed by Defendant Menake to

he bargained for, and sued Defendants for breach of contract, unjust enrichment, promissory estoppel, conversion, civil conspiracy, and various common law fraud claims. See generally Am. Compl. (Dkt. 7). None of the Defendants have appeared in this lawsuit, and Plaintiff seeks default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

There are several problems with Plaintiff's motion. First, Plaintiff seeks numerous remedies, including an equitable mortgage, treble damages, a constructive trust, an order "declaring [Universal's] business practices . . . unlawful," "an order for the return of Plaintiff's full investment," a temporary restraining order, and the appointment of a receiver; however, Plaintiff has not cited specific authority demonstrating that he is entitled to each of these remedies or all of them together.

Moreover, there does not appear to be a basis for Plaintiff's statutory conversion claim, which is the premise for Plaintiff's demand for treble damages. A statutory claim of conversion consists of knowingly buying, receiving, or aiding in the concealment of stolen, embezzled, or converted property. Mich. Comp. Laws § 600.2919a. The Sixth Circuit has noted: "The Michigan courts have held that simply retaining a particular . . . sum does not amount to 'buying, receiving or aiding in the concealment of stolen, embezzled or converted property.'" Olympic Forest Prods., Ltd. v. Cooper, 148 F. App'x 260, 265 (6th Cir. 2005) (quoting Lawsuit Fin. v. Curry, 683 N.W.2d 233 (Mich. Ct. App. 2004)). The facts of the present case, as alleged, do not seem to fit within the framework for a statutory conversion claim.

The Court denies Plaintiff's motion for summary judgment without prejudice; however, Plaintiff may file another motion by January 28, 2013, if he chooses. In the new motion, Plaintiff shall explain why he is entitled to each remedy sought, and support each request with

---

utilize Universal's services in facilitating the property deal in question, and that Universal is Menake's co-conspirator.

legal authority showing that he is entitled to such relief. In addition, Plaintiff shall either (i) clarify the nature of his conversion claim and explain why the claim is supported by the facts of this case, or (ii) withdraw the claim for treble damages. In addition, Plaintiff shall file a detailed affidavit setting forth the facts showing an entitlement to the specific monetary and equitable relief requested.

SO ORDERED.

Dated: January 17, 2013   s/Mark A. Goldsmith
Flint, Michigan   MARK A. GOLDSMITH
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 17, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager